# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**WINDY MARTIN,**
**Claimant Below, Petitioner**

**FILED**

June 24, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 15-0510** (BOR Appeal No. 2049857)
              (Claim No. 2013033574)

**MCDOWELL NRC, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Windy Martin, by Gregory S. Prudich, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. McDowell NRC, LLC, by Jillian L. Moore, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 6, 2015, in which the Board reversed an October 1, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's March 24, 2014, decision to deny a request for epidural steroid injections. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the limited circumstances requirement of Rule 21 (d) of the Rules of Appellate Procedure and is appropriate for memorandum decision rather than an opinion.

Ms. Martin, a certified nursing assistant, was attempting to hoist a patient on June 7, 2013, when she injured her lower back. She was diagnosed with a lumbar strain. On July 3, 2013, Ms. Martin's claim was held compensable for a lumbar sprain. A lumber MRI performed on July 24, 2013, revealed degenerative disc changes and facet joint arthropathy at L5-S1 causing mild biforaminal neuro recess narrowing and minimal impingement on the S1 nerve root. There were no acute bony abnormalities or disc herniations shown.

1

From August 12, 2013, through December 11, 2013, records from Ms. Martin's physical therapy showed that she was unable to meet her long-term goals due to complaints of severe pain. A September 6, 2013, functional capacity evaluation performed at Charleston Area Medical Center resulted in inconclusive findings because Ms. Martin stopped the evaluation due to her lower back pain. Ms. Martin indicated that she wished to explore other treatment options to relieve her symptoms.

On November 13, 2013, Prasadarao Mukkamala, M.D., performed an independent medical evaluation in which he found Ms. Martin to be at maximum medical improvement and recommended 5% whole person impairment. Dr. Mukkamala found no connection between the symptoms and the compensable injury. He further opined that no chiropractic care would be needed. On January 20, 2014, treatment notes from Robert Kropac, M.D., indicated Ms. Martin suffered a lumbar sprain superimposed on degenerative disc disease. Dr. Kropac requested authorization for epidural steroid injections. The claims administrator denied the request on March 24, 2014.

On May 20, 2014, Dr. Kropac testified in a deposition that Ms. Martin had pre-existing degenerative disc disease that was aggravated by her lumbar spine strain. He noted that she had not treated with him prior to the injury. He indicated that his request for epidural steroid injections was to relieve inflammation. He stated that the injections would treat Ms. Martin's degenerative changes to a degree, but the primary purpose was to treat the compensable injury. He asserted that he did not agree with Dr. Mukkamala that the injections were not necessary. He believed that she had reached maximum medical improvement and her condition was stable. In response, Dr. Mukkamala completed a supplemental report on June 6, 2014. He indicated that he reviewed the evidence and Dr. Kropac's opinion. He disagreed with Dr. Kropac because he believed Ms. Martin's symptoms were related to her pre-existing degenerative disc disease. On June 10, 2014, Bruce Guberman, M.D., performed an independent medical evaluation in which he agreed that Ms. Martin had reached her maximum medical improvement. He disagreed with Dr. Mukkamala's measurement of impairment.

The Office of Judges reversed the claims administrator's decision on October 1, 2014, and found that the epidural steroid injections were medically related and reasonably required to treat the compensable injury. The Office of Judges determined that Dr. Guberman's report was not completely applicable to the question of medical treatment because he was not asked to render an opinion on the issue. The Office of Judges found that Dr. Kropac's report was more persuasive than Dr. Mukkamala's report because Dr. Kropac was an expert in the field, had examined Ms. Martin more than once, testified under oath subject to cross examination, and the evidence supported his opinion. Specifically, the Office of Judges determined Ms. Martin was asymptomatic before the compensable injury. However, after the injury she suffered the symptoms that required epidural steroid injections.

The Board of Review adopted the findings of the Office of Judges and reversed its Order on May 6, 2015. It stated that the estimated duration of care for a sprain under West Virginia Code of State Rules § 85-20-37.5 (2006) is zero to four weeks and should not exceed eight weeks. Furthermore, West Virginia Code of State Rules § 85-20-4.1 (2006) provides that in

order for an injured worker to receive treatment outside of the statutorily prescribed treatment guidelines, extraordinary circumstances requiring additional treatment must exist. The Board of Review determined that Dr. Kropac did not justify why this was an extraordinary case. The Board of Review also determined that the weight of the evidence showed the treatment was unnecessary as it related to a non-compensable condition.

After review, we have determined that decision is based upon a material misstatement or mischaracterization of the evidentiary record. The evidence of record sufficiently supported the decision of the Office of Judges. The Office of Judges is in the best position to assess the credibility and weight of the evidence presented. Because there was no indication the Office of Judges' Order was clearly wrong in view of the reliable, probative and substantial evidence on the whole record, it was in error for the Board of Review to reverse it.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to authorize epidural steroid injections.

Reversed and Remanded.

**ISSUED: June 24, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II